IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-CV-21502

CHICKEN KITCHEN USA, LLC,

    Plaintiff,

vs.

TYSON FOODS, INC., TYSON
CHICKEN, INC., TYSON BREEDERS,
INC. and TYSON POULTRY, INC.

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CHICKEN KITCHEN USA, LLC, by and through undersigned counsel, hereby sues Defendants, TYSON FOODS, INC., TYSON CHICKEN, INC., TYSON BREEDERS, INC., and TYSON POULTRY, INC., (collectively referred to herein as "Defendants"), as follows:

**Parties**

1. Plaintiff Chicken Kitchen USA, LLC (hereinafter referred to as "Chicken Kitchen") is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business located in Miami-Dade County, Florida. Chicken Kitchen's Member is a citizen of the State of Florida. Chicken Kitchen is the franchisor of the Chicken Kitchen restaurant chain.

2. Defendant TYSON FOODS, INC. is a publicly traded Delaware corporation headquartered in Springdale, Arkansas. TYSON FOODS, INC. and/or its predecessors, wholly-

owned or controlled subsidiaries, or affiliates sold "Broilers"[1] in interstate commerce, directly or through its wholly-owned or controlled affiliates to purchasers in the United States.

3. Defendant TYSON CHICKEN, INC. is a publicly traded Delaware corporation headquartered in Springdale, Arkansas. TYSON CHICKEN, INC. and/or its predecessors, wholly-owned or controlled subsidiaries, or affiliates sold Broilers in interstate commerce, directly or through its wholly-owned or controlled affiliates to purchasers in the United States.

4. Defendant TYSON BREEDERS, INC. is a publicly traded Delaware corporation headquartered in Springdale, Arkansas. TYSON BREEDERS, INC. and/or its predecessors, wholly-owned or controlled subsidiaries, or affiliates sold Broilers in interstate commerce, directly or through its wholly-owned or controlled affiliates to purchasers in the United States.

5. Defendant TYSON POULTRY, INC. is a publicly traded Delaware corporation headquartered in Springdale, Arkansas. TYSON POULTRY, INC. and/or its predecessors, wholly-owned or controlled subsidiaries, or affiliates sold Broilers in interstate commerce, directly or through its wholly-owned or controlled affiliates to purchasers in the United States.

6. Each Defendant directly, or through its subsidiaries or other affiliates, sold Broilers in the United States in a continuous and uninterrupted flow of interstate commerce and foreign commerce, including through this District. Defendants control a substantial portion of the market for Broilers in the United States and their business activities significantly affected interstate trade and commerce, ultimately resulting in antitrust injury to Chicken Kitchen.

---

[1] The term "Broilers" refers to young chickens, of no more than 13 weeks of age, that are raised for slaughter.

**Jurisdiction And Venue**

7. This Court possesses jurisdiction pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This Court also possesses subject matter jurisdiction under 28 U.S.C. §§1331 and 1337, and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26.

8. Venue is proper in this District under 28 U.S.C. §1391(b)(c) and (d) because Defendants transacted business in this District and because a substantial portion of the affected interstate commerce described herein was carried out in this District.

9. The Court has personal jurisdiction over the Defendants because, among other things, Defendants: (a) transacted business throughout the United States, including this District; (b) manufactured, sold, shipped and/or delivered substantial quantities of Broilers throughout the United States, including this District; (c) had substantial contacts with the United States, including this District; and/or (d) engaged in antitrust conspiracy that had a foreseeable and direct effect of causing injury to the business or property of persons residing in, located in, or doing business throughout the United States, including this District.

**General Allegations**

10. Broilers are young chickens raised for meat consumption that are slaughtered before the age of 13 weeks.

11. Broilers are a commodity and there is only one national market for them in the United States.

12. The majority of Broiler sales in the United States are tied to the pricing information compiled and published by price reporting indices, such as the Georgia Dock and Agri Stats.

3

13. In order to maintain price stability in the market, Defendants and others conspired to fix, maintain and stabilize the price of Broilers by limiting production with the intent of increasing Broiler prices in the United States.

14. In furtherance of their conspiracy, Defendants secretly disclosed non-public and confidential information about prices, capacity, sales, volume and demand with other major Broiler producers throughout the United States with the intended effect of increasing prices.

15. Defendants fraudulently concealed their anticompetitive conduct from others, including Chicken Kitchen, causing significant injury.

16. Namely, as a result of Defendants' conduct, Chicken Kitchen purchased Broilers at artificially inflated prices from Defendants' suppliers.

17. The principal, but not exclusive, methodology utilized by the Defendants to implement and execute their conspiracy was coordinating input and output with other major Broiler suppliers.

18. Defendants intentionally limited their production of Broilers for 18 months or more by eliminating Broiler breeder hen flocks responsible for supplying eggs.

19. The destruction of the breeder flocks had a negative and far-reaching impact on the Broiler industry, the consequences of which are still being felt by Chicken Kitchen and other Broiler purchasers throughout the United States.

20. Since Defendants began to cut their production, Broiler wholesale prices in the United States increased by 50% while input costs significantly decreased, resulting in a record profits for Defendants.

21. Defendants manipulated the Georgia Dock, a Broiler price index published by the Georgia Department of Agriculture, by intentionally reporting misinformation relating to their production and sales, which the public, including Chicken Kitchen, relied upon.

22. Defendants knew that the pricing for most Broiler sales is tied to industry price indices, like the Georgia Dock.

23. Defendants also knew that supply and demand in the Broiler market is firmly related.

24. A decrease in supply will always result in an increase in prices.

25. Therefore, Defendants knew that a coordinated reduction in Broiler Supply would artificially increase all Broiler prices and that reporting such misinformation to the Georgia Dock, who would not verify it, would result in a financial windfall.

26. As a direct result of Defendants' unlawful conduct, Chicken Kitchen paid artificially inflated prices for Broilers that exceeded any amount it would have paid if payment was determined by a free and competitive market.

27. Thus, Chicken Kitchen was injured by Defendants' unlawful conduct.

28. All conditions precedent to bringing this action have been waived, excused, performed, or otherwise occurred.

## LEGAL CAUSES OF ACTION

### COUNT I
### Violation of Section 1 of the Sherman Act, 15 U.S.C. §1

29. Chicken Kitchen incorporates and re-alleges the allegations set forth in paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

30. Beginning as early as January 1, 2008 and continuing through the present, Defendants entered into an agreement, understanding and conspiracy in restraint of trade

5

ZARCO EINHORN SALKOWSKI & BRITO
MIAMI TOWER | 100 S.E. 2ND STREET, 27TH FLOOR | MIAMI, FLORIDA 33131 | T: (305) 374-5418 | F: (305) 374-5428

artificially to fix, raise and stabilize prices for Broilers in the United States, in violation of Section 1 of the Sherman Act.

31. In formulating and carrying out the alleged agreement, understanding and conspiracy, Defendants fully effectuated the things they combined and conspired to do, such as: (i) fixing, raising and stabilizing the price of Broilers; and (ii) collusively reducing the production of Broilers.

32. The combination and conspiracy alleged herein has caused the following effects, among others: (i) competitive pricing in the Broiler market has been restricted, suppressed, and/or eliminated in the United States; (ii) prices for Broilers sold by Defendants have been fixed, raised, maintained and stabilized artificially causing high, non-competitive levels; and (iii) Chicken Kitchen, as an indirect purchaser, has been deprived of the benefits of a free and open market.

33. Chicken Kitchen has been injured and will continue to be injured in its business and property by paying more for Broilers purchased indirectly from the Defendants than they would have paid absent the combination and conspiracy, due to the higher prices paid for the Broilers by the direct purchasers.

34. Chicken Kitchen is entitled to an injunction against Defendants which would prevent and restrain the violation alleged herein.

## COUNT II
### Violation of the Florida Deceptive and Unfair Trade Practices Act
### Fla. Stat. § 501.201(2), *et seq.*

35. Chicken Kitchen incorporates and re-alleges, the allegations set forth in paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

36. The Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq. ("FDUTPA"), prohibits and protects the consuming public and businesses from "unfair methods

of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. §501.204(1).

37. A claim for damages under the FDUTPA has three elements: (1) a prohibited practice; (2) causation; and (3) actual damages.

38. Chicken Kitchen possesses standing to maintain an action under the FDUTPA based on the facts alleged in this Complaint.

39. Chicken Kitchen purchased Broilers within the United States and, but for the Defendants' conduct set forth herein, the price per pound for Broilers paid by Chicken Kitchen would have been significantly lower.

40. Defendants entered into a contract, combination or conspiracy between two or more persons in order to monopolize and restrain trade or commerce in the Broiler market, a substantial part of which occurred within Florida.

41. Defendants established maintained or used a monopoly, or attempted to monopolize Broiler trade and commerce in the United States for the purpose of excluding competition or controlling, fixing or maintaining prices in Florida at a level higher than the competitive rate which began as early as 2008 and is continuing presently.

42. Defendants' conduct was an unfair method of competition and an unfair or deceptive act or practice within the conduct of commerce that substantially impacted trade and commerce in the State of Florida.

43. As a direct and proximate cause of Defendants' deceptive and unfair conduct, Chicken Kitchen has been injured in its business or property and are threatened with continuing injury.

ZARCO EINHORN SALKOWSKI & BRITO
MIAMI TOWER │ 100 S.E. 2ND STREET, 27TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

44. For the foregoing reasons, Chicken Kitchen is entitled to seek all forms of relief including injunctive relief pursuant to Fla. Stat. §501.208 and declaratory judgment, actual damages, reasonable attorneys' fees and costs pursuant to Fla. Stat. § 501.211.

## COUNT III
### Unjust Enrichment

45. Chicken Kitchen incorporates and re-alleges the allegations set forth in paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

46. In purchasing Broilers, Chicken Kitchen conferred a benefit on Defendants, who possesses knowledge of the benefit.

47. Defendants accepted and retained the conferred benefit.

48. Under the circumstances, it would be inequitable for Defendants to retain the benefit without paying for it.

49. As a result of their unlawful conduct described above, Defendants have been and will continue to be unjustly enriched by the receipt of unlawfully inflated price and profits of Broilers.

50. The common-law principle of unjust enrichment prohibits Defendants from retaining the benefits conferred on them by the overpayments of Chicken Kitchen and other consumers throughout the United States.

### REQUEST FOR RELIEF

WHEREFORE, Chicken Kitchen respectfully requests judgment against Defendants as follows:

a. The alleged unlawful conduct, conspiracy or combination be decreed a violation of Section 1 of the Sherman Act, and FDUTPA;

b.  An award of damages in favor of Chicken Kitchen be entered against the Defendants, jointly and severally, in an amount to be trebled to the extent that such laws permit;

c.  Defendants and all persons or entities acting or claiming to act on their behalf or in concert with them, be permanently enjoined and restrained from in any manner continuing, maintaining, or renewing the conduct, conspiracy, or combination alleged herein, or entering into any other conspiracy having a similar purpose or effect;

d.  Defendants and all persons or entities acting or claiming to act on their behalf or in concert with them, be permanently enjoined from continuing or renewing the disclosure of highly sensitive competitive information that permits individual identification of Defendants' information;

e.  An award for pre-judgment and post-judgment interest as provided by law;

f.  An award for Chicken Kitchen's reasonable attorneys' fees;

g.  An award for Chicken Kitchen's costs; and

h.  Any additional and further relief this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Chicken Kitchen demands a trial by jury of all issues so triable.

Respectfully submitted,

ZARCO EINHORN SALKOWSKI & BRITO, P.A.
*Counsel for Plaintiff*
100 S.E. 2nd Street, 27th Floor
Miami, Florida 33131
Telephone: (305) 374-5418

By: /s/Alejandro Brito
    **ROBERT ZARCO, ESQ.**
    FL. Bar No. 502138
    Email: rzarco@zarcolaw.com
    **ALEJANDRO BRITO, ESQ.**
    FL. Bar No. 098442
    Email: abrito@zarcolaw.com

9

ZARCO EINHORN SALKOWSKI & BRITO
MIAMI TOWER │ 100 S.E. 2ND STREET, 27TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428